GENERAL ELECTRIC CO. v. DUNCAN ELECTRIC MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit.    October 4, 1910.)

No. 1,617.

PATENTS (§ 328*)—ANTICIPATION—ELECTRIC METER.

The Hood patent, No. 561,711, for an electric meter, is void for anticipation in the prior art.

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit in equity by the General Electric Company against the Duncan Electric Manufacturing Company, M. F. Holmes, and Thomas Duncan. Decree for defendants, and complainant appeals. Affirmed.

The appeal is from a final decree in the court below, dismissing appellant's bill for the infringement of letters patent No. 561,711, issued June 9th, 1896, to Ralph O. Hood, for an Electric Meter, and assigned to appellant September 11, 1897.

The bill was based on the fourth claim of the patent, as follows:

"4. An electric meter having different circuits comprising in its construction an electric motor and its armature and an adjustable artificial resistance inserted into that part of the meter-circuits in which a current is to be obtained, which by its dynamic action on the armature of the electric motor may give sufficient energy to almost start and counterbalance the friction of said motor."

Electric meters are so well known that there is no occasion to reproduce them diagrammatically in this opinion, and the alleged invention at issue has no relation to electric meters except to the extent that it is intended to eliminate or compensate for errors' due to variations of friction of the moving part of the meter, caused by conditions of service and length of use. Other letters patent cited are the following:

No. 316,092.    E. Weston, April 21, 1885.
No. 414,595.    O. B. Shallenberger, Nov. 5, 1889.
No. 435,958.    M. J. Wightman, Sept. 9, 1890.
No. 440,627.    S. Z. De Ferranti, Nov. 18, 1890.
No. 448,894.    E. Thomson, March 24, 1891.
No. 491,560.    G. Hummel, Feb. 14, 1893.
No. 521,684.    E. Thomson, June 19, 1894.
No. 521,685.    E. Thomson, June 19, 1894.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No. 604,465. T. Duncan, May 24, 1898.
No. 752,048. T. Duncan, Feb. 16, 1904.
No. 225. Sydney Pitt, 1887.
No. 701. Sebastian Ziani De Ferranti, 1887.
No. 4,225. George Hookham, 1887.
No. 1,480. Alberton and Philpott, 1889.
No. 3,096. Sebastian Ziani De Ferranti.
No. 9,061. De Ferranti and Wright, 1890.
No. 21,766. Schuckert and Wacker, 1891.

Edward Rector, Drury W. Cooper, and Charles Martindale, for appellant.

Robert H. Parkinson, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The appellant's patent puts into a cross-electrical circuit, material that constitutes resistance; and attaches to this material, which is in circular form, a finger, movable around the same, whereby the distance between the ends of one wire and the beginning of another may be either shortened or lengthened, thereby increasing or diminishing the quantum of resistance material, which, in turn, diminishes or increases the electric flow. The purpose of this, is to put the meter, as an entirety, in such a state of delicate balance or suspense that the friction, incident to a change from standstill to motion, is overcome, in order that the current, flowing through the main wire and feeding the light or other consumer's purpose, will not be diminshed or otherwise affected by the initial overcoming of the friction. The operation, in this respect, is sufficiently illustrated by Figure 2 of the patent (an error therein being eliminated), which is as follows:

Fig: 2.

the arm "q" being capable of resting, at different distances, upon the circular post "r," from the end which is connected with the binding post, thereby adjusting the distance and, as a result, the amount of interposed resistance.

The device of appellees accomplishes the same purpose; but instead of using the exact adjustable resistance mechanism indicated, there is interposed in the meter wire a series of "turns," thrown in or cut out (either individually or in such number as is desired), by means of a movable finger, whereby, by an increase or diminution of the "turns"

in the circuit, the flow of electricity is resultingly diminished or increased.   The appellees' device is illustrated in the following diagram:

This is said by appellant to be the electrical equivalent of its method.

Assuming that it is, the question then arises whether appellant's patent is not thereby anticipated by the prior art; for, if a finger, throwing in or out of circuit a given number of "turns," is electrically the equivalent of a finger increasing or diminishing the amount of resistance material, as in appellant's patent, the presence in the prior art of such "turns," and fingers to adjust them, would be an anticipation of appellant's conception.   Two patents, in this connection, are important, viz; the De Ferranti patent, issued in 1890, following a previous patent to the same patentee in 1887. and the Shallenberger patent, issued in 1889.   The Italian patent employs "turns," just as appellees employ them, to increase or diminish the flow of electricity, the result being, as stated in the patent, that De Ferranti was thus "better able to adjust the meter to at all times indicate correctly whether much or little current is passing."   True, as urged by appellant, this language is somewhat obscure; but it is cleared up in that respect by interpretations put upon it by electrical engineers in this country prior to appellant's patent.   "The Electrician" (London), in 1891, speaking of the De Ferranti meter, said:

"To overcome the initial friction an auxiliary shunt coil is provided, as is shown in the figure over the letter N.   A resistance placed at the bottom of the case is in series with this.   If the shunt current were strong enough, the meter would, of course, slowly revolve, but it is arranged so as to be just too weak to do this.   A very small current through the main coils will therefore start the meter, whose readings are then proportioned to the current."

And in the Transactions of the American Institute of Electrical Engineers, Vol. X, 1893, is a paper by Caryl D. Haskins on "Electrical Recording Meters" in which (referring evidently to the De Ferranti meter) is the following statement:

"Friction is balanced in this meter quite successfully by the introduction of a fine coil of high resistance around the field.   This coil is 'in shunt across the line.' like a lamp, and serves to intensify the field on the lower reading, while on the higher ones it bears too small a proportion to the total field to exert any appreciable influence.   This coil can be nicely adjusted to balance friction. but varying an outside resistance."

Indeed, these papers, in themselves, constitute prior publication, not only of a consciousness among electrical engineers, prior to appellant's patent, of the need of something to overcome the initial friction, but also of the method therefor by means of an adjustable coil.   The need was already discovered; the problem already presented; and the problem, to the extent already named, was solved.   The only thing between this way of solving the problem and appellant's way, was by

means of adjustment by a finger instead of adjustment at the shunt.

Now, this adjustment by finger is just what Shallenberger points out in his patent No. 414,595, November 5, 1889. True, it relates to the variation of electrical currents generally, not necessarily for a meter; but with this disclosed, the mere application of this method of adjustment to the meter wire is something that falls, we think, not within the field of electrical invention, but within the field, rather, of electrical engineering; for it will not do to say that the transfer of such a well-known device from a general field to a special use is, in itself, invention; and there is nothing in this record that gives to this transfer the character of invention other than what is disclosed in the mere fact of the transfer itself. The patent, in our judgment, is void.

The decree appealed from is affirmed.